FILED
United States Court of Appeals
Tenth Circuit

March 1, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

RANDALL D. TOMLINSON,

           Movant.

No. 12-1048
(D.C. No. 1:02-CV-01891-ZLW)
(D. Colo.)

---

**ORDER**

---

Before **O'BRIEN**, **TYMKOVICH**, and **MATHESON**, Circuit Judges.

---

    Randall D. Tomlinson moves for authorization to file a second or successive 28 U.S.C. § 2254 habeas application challenging his conviction for theft in case no. 93CR2768, Colorado District Court for the County of El Paso. Mr. Tomlinson's first § 2254 application challenging this conviction was dismissed as time-barred, and he did not appeal that decision.

    There are strict restrictions on second or successive § 2254 applications. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). If a claim has not been previously presented, it must be authorized by this court before it can proceed in district court. *Id.* § 2244(b)(3). And this court may authorize a claim only if the prisoner makes a prima facie

showing that the claim relies on (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) new facts that "could not have been discovered previously through the exercise of due diligence" and that "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* § 2244(b)(2)(A), (B); *id.* § 2244(b)(3)(C).

Mr. Tomlinson relies on the "new facts" prong, § 2244(b)(2)(B), in arguing that (1) he was given an illegal and unconstitutional sentence because in 2000 the state court amended the mittimus, adding a three-year period of mandatory parole; (2) he was not advised of mandatory parole during his plea colloquy; and (3) the addition of mandatory parole lengthens his sentence beyond the maximum that was applicable to the circumstances of his crime. He states that he only discovered the illegality in 2010, when he was given a copy of the 2003 Colorado Revised Statutes.

In his previous federal habeas case, however, filed in 2002, Mr. Tomlinson averred that the trial court did not advise him of mandatory parole (or any parole, for that matter). He also complained that the amendment of the mittimus caused an improper three-year increase in his sentence. These are effectively the same claims he now seeks to pursue. Under § 2244(b)(1), then, his claims must be

-2-

dismissed. Moreover, his prior habeas application demonstrates that the facts underlying Mr. Tomlinson's claims were not only discoverable at the time he filed that application, but in fact he had discovered them. Accordingly, even if these claims are not precisely the same claims he raised before, they fail to satisfy § 2244(b)(2)(B).

The motion for authorization is DENIED. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

                                              Entered for the Court,

                                              ELISABETH A. SHUMAKER, Clerk